UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL J. STRICKLEN,

        Petitioner,

v.                                CASE NO. 07-15016
                                HONORABLE ARTHUR J. TARNOW

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is petitioner Cornell J. Stricklen's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pleading challenges Petitioner's state conviction for felony murder. Petitioner alleges that the trial court lacked jurisdiction over his case. Because this claim is not cognizable on habeas review, the habeas petition is denied.

**I. Background**

Petitioner was charged in Washtenaw County, Michigan with open murder, first-degree (felony) murder, and first-degree home invasion. On March 27, 2000, a circuit court jury found Petitioner guilty of second-degree murder, MICH. COMP. LAWS § 750.317, first-degree (felony) murder, MICH. COMP. LAWS § 750.316(1)(b), and first-degree home invasion, MICH. COMP. LAWS § 750.110a(2)(b). The trial court vacated the convictions for second-degree murder and first-degree home invasion and sentenced Petitioner to life imprisonment for the felony murder conviction. Petitioner challenged the sufficiency of the evidence in an appeal as of right, but the Michigan Court of Appeals affirmed his conviction in an unpublished, *per curiam* opinion. *See*

*People v. Stricklen*, No. 07-15016

*People v. Stricklen*, No. 228138 (Mich. Ct. App. June 14, 2002). The Michigan Supreme Court denied leave to appeal. *See People v. Stricklen*, 467 Mich. 934; 655 N.W.2d 566 (2002) (table).

Petitioner raised a jurisdictional issue in a complaint for the writ of habeas corpus, which he filed in Ionia Circuit Court. He claimed that, because of errors in the charging documents and the bindover to circuit court for trial that his conviction and sentence must be set aside. The circuit court dismissed Petitioner's complaint on March 9, 2006, because a state complaint for habeas corpus is not a proper substitute for an appeal from a conviction.

Petitioner raised the same claim in a habeas corpus complaint filed in the Michigan Court of Appeals. The court of appeals denied the complaint without explanation. *See Stricklen v. Mich. Dep't of Corr.*, No. 272214 (Mich. Ct. App. Dec. 20, 2006).

Petitioner also challenged the trial court's jurisdiction in a motion for relief from judgment, which he filed in Washtenaw County Circuit Court. The trial court denied the motion after concluding that Petitioner's motion was successive to a prior motion and that Petitioner had failed to establish "good cause" for not raising the issue on appeal. Petitioner's subsequent appeals to the Michigan Supreme Court were rejected as untimely.

Petitioner filed his habeas corpus petition in this Court on November 26, 2007. His claims are:

> I. The plaintiff has right to have federal court address Petitioner's claim on its merits pursuant to 28 U.S.C.A. 2254. Because Petitioner's state remedy is unavailable and because the petitioner did not deliberately bypass state remedies the court will address Petitioner's claim on its merits.
>
> II. The circuit court (trial court) lack [of] jurisdiction on the defendant's criminal case violated the Fifth, Sixth, Thirteenth, and

        Fourteenth Amendments Due Process Clauses.

III.      The circuit court lacked subject-matter jurisdiction on the charges of felony-murder and home invasion against the plaintiff violating the Fifth, Sixth, Thirteenth, and Fourteenth Amendments of the Due Process Clauses. Charges of felony-murder and home invasion and was in violation of the Fourteenth, Thirteenth, and Sixth Amendment of the Due Process Clause.

Respondent Kenneth McKee argues through counsel that Petitioner's claims are procedurally defaulted because Petitioner did not exhaust state remedies for his claims and because he no longer has an available remedy to exhaust. The exhaustion requirement is not a jurisdictional one, *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006), and federal courts need not address a procedural-default issue before deciding against the petitioner on the merits. *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003)). Therefore, the Court excuses the alleged procedural errors and will proceed to adjudicate Petitioner's claims.

**II. Discussion**

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

Petitioner's two substantive claims (II and III) allege that there was an improper transfer of his case from the state district court to the trial court. As a result of the alleged procedural irregularities, Petitioner contends that the trial court never obtained jurisdiction over his criminal case and his criminal conviction is void.

Petitioner's jurisdictional claims lack merit because "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In

4

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)). Because Petitioner has not demonstrated that he is in custody in violation of a federal constitutional right, he is not entitled to relief.

**III.  Conclusion**

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to, or unreasonable applications of, Supreme Court precedent.  Therefore, the habeas corpus petition is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  August 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary